**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Herminio CRUZ, Defendant-Appellant.**

**Nos. 78–1257, 78–2178.**

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1979.

Decided Aug. 17, 1979.

Rehearing and Rehearing En Banc
Denied Oct. 2, 1979.

Allan A. Ackerman, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U.S. Atty., Victoria J. Meyers, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and BAUER, Circuit Judges, and HOFFMAN,* Senior District Judge.

PER CURIAM.

Appellant Herminio Cruz was charged in a single-count indictment with possession with intent to distribute approximately nine pounds of a mixture containing heroin, in violation of Title 21, United States Code, § 841(a)(1). The jury returned a verdict of guilty. Cruz was fined $25,000 and sentenced to fifteen years in the custody of the Attorney General of the United States.

The seizure of the heroin resulted from the execution of a warrant directing the search of a residence owned by Cruz. Evidence introduced at trial indicated that Cruz's estranged wife and their children lived in the building, and that Cruz occupied a first floor bedroom in which he kept clothing and other personal effects. During the search a brown paper bag containing $29,000 in cash was found on the bed in the first floor bedroom. A small scale and a coffee grinder which contained traces of heroin were found in the kitchen. The heroin was discovered hidden in the hollow portions of a cinder block wall in the basement. Cruz was present at the time of the search. After being arrested and transported to the headquarters of the Drug Enforcement Agency, Cruz allegedly admitted that the heroin found in the basement was his, and further stated that he had obtained the heroin from a Mexican male known variously as "Chencho" and "El Colorado". At trial Cruz denied admitting that the heroin was his and contended that he was not informed of his rights after his arrest. DEA agents testified that Cruz was informed of his rights during his transportation to headquarters, and also during the processing of his arrest prior to questioning by the agents.

Following his conviction Cruz filed several post-trial motions, alleging that the deputy marshal in charge of the jury during its deliberations had made improper comments to the jurors concerning the jury instructions, and alleging that the heroin introduced into evidence at trial was taken into the jury room in violation of the court's order. Three jurors selected at random and the deputy marshal were deposed concerning these allegations. The court subsequently denied appellant's motions for relief.

Appellant raises five areas in which it is alleged that error occurred during trial: (1) the denial of appellant's motion to quash the search warrant; (2) the admission of appellant's alleged confession into evidence; (3) the nature of the reasonable doubt instruction to the jury; (4) the nature of the prosecutor's closing argument; and (5) the denial of the post-trial motions. We find appellant's contentions to be without merit, and accordingly affirm the conviction.

■ The search warrant executed on appellant's residence was issued in reliance on the affidavit of one of the agents involved

---

* The Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

in the investigation. The affidavit thoroughly detailed the progress of the overall conspiracy investigation, which began on the east coast, moved to Chicago, and culminated in an arrest in the Hartford, Connecticut airport and the recovery of a kilogram of heroin. That portion of the affidavit material to establishing probable cause to search the Cruz residence misidentified the individual who drove to the residence to pick up the heroin which was later recovered in Hartford. That mistake in identity was understandable under the circumstances and was not material to the determination of probable cause. The facts do not support the appellant's contention that the misstatement in the affidavit was reckless or intentionally untruthful. The district court properly denied appellant's motion to quash the search warrant.[1]

■ At the time appellant was processed following his arrest he refused to sign a printed form waiving his right to remain silent and his right to counsel. In effect he argues that this renders any communication made by him at the time an involuntary communication. Most recently the Supreme Court has held that, while an express written or oral statement of waiver is usually strong proof of the validity of that waiver, it is not inevitably either necessary or sufficient to establish waiver. *North Carolina v. Butler*, — U.S. —, —, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Thus, a refusal to sign a waiver form is a relevant factor in determining whether an individual knowingly and intelligently waived his privilege, but it is not a controlling one. *United States v. Gardner*, 516 F.2d 334, 341 (7th Cir. 1975). Prior to questioning Cruz a government agent purportedly informed him of his rights in Spanish, asked him if he understood his rights, and handed him the waiver form. Cruz refused to sign the waiver unless his lawyer was present. Thereupon the agents advised him that they would like to ask him some questions, that he was entitled to have his lawyer present, that he did not have to answer any questions unless his lawyer was present, and that he could stop the questioning at any time for the purpose of consulting with an attorney.[2] At that time Cruz was asked about the heroin found in his home, and, according to the agents' testimony, admitted it was his. At trial Cruz denied being informed of his rights at any time, and denied admitting ownership of the heroin. Faced with two totally conflicting versions of the events surrounding the alleged confession, the court resolved the issues of fact concerning the voluntariness of the confession against appellant, and found that appellant was not denied access to an attorney. The district court correctly denied appellant's motion to suppress, and properly submitted the issue of the voluntariness of the statement to the jury.

■ This circuit has described the giving of a reasonable doubt instruction as "playing with fire," and has expressed strong reservations about whether such instruction should be given at all in light of the difficulty in defining reasonable doubt. *United States v. Shaffner*, 524 F.2d 1021, 1023 (7th Cir. 1975). Be that as it may, the instruction given by the court in the case at bar was without error. The instruction essentially defined reasonable doubt as "a doubt founded on reason," a doubt that is not "purely speculative." The court properly refused to add a "two hypotheses" instruction, since such an instruction is usually reserved for a case bottomed on purely circumstantial evidence. *United States v. Shaffner, supra.*

1. A wiretap involved in the investigation on the east coast was totally immaterial to the search of Cruz's residence. Furthermore, Cruz was not a party to an intercepted conversation or a person against whom the interception was directed, as defined in Title 18 U.S.C. § 2510(11).

2. In *North Carolina v. Butler, supra*, the respondent, who possessed an eleventh grade education, was handed an "Advice of Rights" form which he read and refused to sign. He was told that he need neither speak nor sign the form, but that the agents would like him to talk to them. The respondent replied that he would talk but would not sign any form. He then proceeded to make inculpatory statements.

Appellant contends that the government offered a series of facts not in evidence in that part of its closing argument which focused on appellant's alleged construction and control of the cache where the heroin was discovered. There were at least some facts in evidence which would provide a basis for the government's argument. The appellant made no objection to these statements either during or after the argument. The statements do not provide grounds for reversal.

Finally, it is urged that the court erred when it denied appellant's motions for a new trial. It is alleged that the deputy marshal delivered the instructions to the jury, pointed to the instruction which listed the elements of the crime charged, and stated words to the effect that "here is the main thing you are to consider that the judge just read to you." The only evidence to support this allegation is a statement purportedly made by the foreman of the jury in a telephone conversation with the United States attorney, a statement which the foreman could not remember making when he was deposed two months later.[3] After reviewing the evidence the district court held that it was highly unlikely that the deputy marshal made the alleged statement to the jury. The appellant also alleged that the heroin introduced into evidence at trial was improperly taken into the jury room when the jury retired to deliberate. The only evidence to support this allegation was testimony of the deputy marshal and one of the jurors. The DEA agent in charge of the heroin exhibit testified categorically that the heroin was in his custody at all times and that it was not taken into the jury room.[4] Assuming *arguendo* that the heroin was taken into the jury room, the court held that there could have been no possible prejudice to the appellant. The fact that a given quantity of heroin was seized from appellant's residence was never in issue in this case, and there were no prejudicial markings on the exhibits themselves. We find that the district court properly denied appellant's post-trial motions.

The conviction of the appellant is affirmed.[5]

AFFIRMED.

---

3. Two other jurors who were deposed had no recollection of the deputy marshal making this statement, and the deputy marshal denied making the statement.

4. The foreman of the jury and the other juror who was deposed had no recollection of the heroin being in the jury room. The court made a finding of fact that the heroin exhibit was never taken into the jury room.

5. We were told in argument that Cruz was also tried in the District of Massachusetts on a conspiracy to distribute heroin in violation of 21 U.S.C. § 846. In pretrial proceedings in Massachusetts, Cruz raised the double jeopardy question by reason of his being convicted "in another district" [Northern District of Illinois] of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) on the basis of the same conduct underlying the indictment in Massachusetts. In *United States of America v. Herminio Cruz*, 568 F.2d 781 (1 Cir. 1978), the court affirmed the action of the District Court in denying the motion to dismiss on double jeopardy grounds. Cruz was represented in the United States Court of Appeals for the First Circuit by the same counsel appearing before us. We agree with the conclusions reached by the First Circuit.