**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sir Walter Raleigh BOUYE, Jr.,
Defendant-Appellant.**

No. 81–2159.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 12, 1982.*

Decided Sept. 9, 1982.

---

\* After examination of the briefs and record on appeal, the Court has concluded that oral argument would not be helpful in the resolution of this case. Accordingly, the case is submitted for decision on the briefs and record. *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f).

Irwin B. Levin, Indianapolis, Ind., Roger Young, Young, Gholston & Young, Franklin, Ind., for defendant-appellant.

Sarah Evans Barker, U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, PELL and CUDAHY, Circuit Judges.

PER CURIAM.

Sir Walter Raleigh Bouye, Jr. challenges the validity of his federal bank robbery conviction. He makes two contentions on appeal. He first argues that the district court committed reversible error when it refused to strike the testimony of witnesses (linking him to the scene of the crime) on the ground that their identities had not been disclosed to him prior to the trial. Second, Bouye claims that the district court should have admitted the testimony of eye-witnesses of another bank robbery that the man in the bank surveillance photographs in this case was the same individual who had participated in the bank robbery which they had witnessed. Bouye planned to impeach this testimony by showing that he was incarcerated at the time of the other bank robbery. We disagree with both of the appellant's contentions and accordingly affirm the judgment of the district court.

I.

On April 21, 1981, a branch of the Indiana National Bank, located in Indianapolis, Indiana, was robbed by an individual wearing a nylon stocking over his face and carrying a sawed-off shotgun in a white bag. After the gunman had ordered the customers and employees to "hit the floor face down . . . . open the drawers," the bank robber leaped through a teller's window and proceeded from window to window, grabbing money from open drawers. Throughout the course of the robbery the bank surveillance camera took photographs of the robber. These photographs revealed that the robber was a man in his early 30's, with a large bump above the bridge of his nose. The robber also appeared to have a bright object in his mouth. After exiting the bank, the gunman got into a 2-door yellow "coupe" with 1981 Indiana license plates. It was later ascertained that Bouye's wife owned a yellow Camaro automobile with 1981 Indiana license plates, that Bouye had a large protrusion above his nose, and that he had a gold tooth in the front of his mouth.

Three days after the robbery, Bouye was arrested and charged with armed bank robbery in violation of 18 U.S.C. § 2113(a). At trial, three bank employees testified that Bouye resembled the bank robber. Four other individuals who had known Bouye for a period of time ranging from three months to three years identified the man in this bank's surveillance photographs as Bouye. The defendant presented as an alibi the testimony of his wife, mother, and neighbor to establish that Bouye was at his mother's home at the time of the robbery. The jury ultimately found Bouye guilty of the bank robbery. The district court sentenced him to fifteen years imprisonment. This appeal followed.

## II.

The first argument which we must address is Bouye's claim that the district court erred when it refused to strike the testimony of the witnesses upon whom the government relied to establish Bouye's presence at the scene of the crime. Bouye argues that their testimony should have been stricken because the government failed to disclose the identities of these witnesses prior to the trial. In order to assess the merit of this contention properly, it is necessary to examine in further detail some of the events which occurred prior to trial.

On June 11, 1981, the defendant served notice on the district court and the United States Attorney that he intended to call certain named witnesses at trial in order to establish that he was at a location other than the bank at the time of the robbery. The names and addresses of two witnesses were given. At no time prior to this notice had the government ever requested such alibi information. Five days later Bouye filed with the district court a "Notice of Additional Alibi Witnesses," in which two more names were added to Bouye's list of prospective witnesses. Again this notice was wholly gratuitous and was not made at the request of the government. No response was ever made by the government prior to trial to the "Notice of Alibi" and to the "Notice of Additional Alibi Witnesses" filed by the defendant.

At the commencement of the trial, Bouye moved for an order precluding the testimony of any government witnesses who would place him at the scene of the crime. He argued that because the government had failed to respond to his "Notice of Alibi" as allegedly required by Rule 12.1(b) of the Federal Rules of Criminal Procedure (note 3 *infra*), the sanction he requested (total exclusion) was appropriate and authorized by Rule 12.1. The district court, concluding that the defendant had not been harmed by the government's alleged failure to comply with Rule 12.1(b), denied the motion and allowed the witnesses to testify.

Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution has the duty under the due process clause to insure that criminal trials are fair by disclosing evidence favorable to the defendant upon request. *Id.* at 87, 83 S.Ct. at 1196–1197. As a general principle, however, the due process clause has "little to say" regarding the amount of discovery which the parties in a criminal trial must be afforded. *Wardius v. Oregon*, 412 U.S. 470, 474, 93 S.Ct. 2208, 2211–2216, 37 L.Ed.2d 82 (1973). In fact, the Supreme Court has recently stated that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). It is only by virtue of Rule 16 of the Federal Rules of Criminal Procedure that pretrial discovery is generally provided for in criminal cases.[1] It is clear, however, that not even under Rule 16 is a defendant in a noncapital case entitled to lists of pro-

---

1. This is, of course, in addition to the pretrial requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (government duty to disclose identity of informants in appropriate instances). A defendant also, by way of a legally sufficient indictment, is entitled to a definite written statement of the essential facts constituting the offense charged. *See, e.g., United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981) (indictment must provide adequate notice of charges so that defendant can prepare defense).

spective government witnesses. *See, e.g., Weatherford v. Bursey, supra,* 429 U.S. at 559, 97 S.Ct. at 845 (no requirement that prosecution reveal names of all witnesses unfavorable to defendant); *United States v. Sukumolachan,* 610 F.2d 685, 688 (9th Cir. 1980) (government not required to furnish defendant with list of witnesses in a non-capital case); *United States v. Dark,* 597 F.2d 1097, 1099 (6th Cir.), certiorari denied, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 183 (1979) (withholding of government witnesses' returned subpoenas from case file, thereby preventing defense from learning who will testify, does not require exclusion of testimony because government has no duty to identify witnesses).

Proposals to amend Rule 16, in an effort to provide each party with the names and addresses of the other party's witnesses prior to trial, have been rejected in the past, under the rationale that:

> [I]t is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contacts directed at influencing their

testimony were deemed paramount concerns in the formulation of this policy. H.R.Rep.No.94–414, 94th Cong., 1st Sess. 12, *reprinted in* [1975] U.S.Code Cong. & Admin.News 674, 713, 716. The exception to the policy of nondisclosure of the names of witnesses is found in Rule 16(e),[2] which states that the names of alibi witnesses are discoverable pursuant to the provisions of Rule 12.1, F.R.Crim.P.[3]

■ Rule 12.1(a) of the Federal Rules of Criminal Procedure requires a defendant to disclose, *upon receipt of a written government request,* whether he intends to offer an alibi defense, and if so, the specific location where the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish the alibi. In return, pursuant to Rule 12.1(b), the government is required to reciprocate by notifying the defendant of the names and addresses of witnesses whom it plans to call either to place the defendant at the scene of the crime or to rebut the testimony of the alibi witnesses. The duty of disclosure is a continuing obligation for both parties, and a district court is empowered to penalize unexcused noncompliance

---

**2.** Rule 16(e), F.R.Crim.P., provides:

> (e) Alibi Witnesses. Discovery of alibi witnesses is governed by Rule 12.1.

**3.** Rule 12.1 of the Federal Rules of Criminal Procedure is entitled Notice of Alibi and provides in part:

> (a) Notice by Defendant. Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.
>
> (b) Disclosure of Information and Witness. Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon

whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut the testimony of any of the defendant's alibi witnesses.

> (c) Continuing Duty to Disclose. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.
>
> (d) Failure to Comply. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.
>
> (e) Exceptions. For good cause shown, the court may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.

\*    \*    \*    \*    \*    \*

by excluding the testimony of undisclosed witnesses. At issue in this case is the question whether a defendant's gratuitous and unsolicited disclosure of alibi witnesses triggers the government's reciprocal obligation under Rule 12.1(b) to furnish the names of witnesses linking the defendant to the scene of the crime. We conclude that it does not.

■ Discovery under Rule 12.1 was designed to be a prosecution-triggered device for the primary benefit of the government. H.R.Rep.No.94–247, 94th Cong., 1st Sess. 8, *reprinted in* [1975] U.S.Code Cong. & Admin.News 674, 681. The government, should it so desire, has the ability to obtain advance notice of an alibi defense in order to avoid unfair surprise and delays at trial. *United States v. Myers,* 550 F.2d 1036, 1042 (5th Cir. 1977); 8 Moore's Federal Practice ¶ 12.1.02 (1982). If the government fails to trigger the procedures, and if the defendant raises an alibi at trial, then the government cannot claim surprise and get a continuance of the trial. Since the government in this case did not make a written demand under Rule 12.1(a), its reciprocal obligation under Rule 12.1(b) was not triggered. This conclusion is consistent with other Circuits that have considered this issue. *See United States v. Benton,* 637 F.2d 1052, 1059 (5th Cir. 1981); *United States v. Savage,* 430 F.Supp. 1024, 1036 (M.D.Pa.), *aff'd mem.,* 566 F.2d 1170 (3d Cir. 1977), certiorari denied, 434 U.S. 1078, 98 S.Ct. 1273, 55 L.Ed.2d 786 (1978). *Accord, McClendon v. United States,* 587 F.2d 384, 389 (8th Cir. 1978), certiorari denied, 440 U.S. 983, 99 S.Ct. 1793, 60 L.Ed.2d 244 (1979) (no prejudice found for failure to comply with Rule 12.1(b), "assuming duty to comply"); *United States v. Floyd,* 555 F.2d 45, 48 n.7 (2d Cir.), certiorari denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977) (failure of government to comply with Rule 12.1(b) not prejudicial, "if indeed it was required.").

Were we to reach any other conclusion we would be opening the door for defendants to circumvent the policy of nondisclosure of names of witnesses prior to trial by their simply filing a notice of alibi with a court. The concerns which Congress described as paramount would be circuitously overborne by use of such a defense-triggered notice of alibi statute. Our interpretation that Rule 12.1 is a prosecution-triggered alibi statute will help to insure the safety of government witnesses and prevent improper contact with them.

Accordingly, the government in this case was under no obligation to disclose the identity of its witnesses prior to trial. The district court's order denying the defendant's motion will not be disturbed.

### III.

Bouye's other argument is that the district court erred when it precluded two witnesses from testifying that the man in the Indiana National Bank's surveillance photographs was the same individual who had robbed a different bank at which they were working on February 12, 1981. After the witnesses were to have testified, the defendant was prepared to show that he was incarcerated in the United States Penitentiary at Terre Haute, Indiana on that date. Bouye argues that because proof of the identification of the robber in this case was made in part by witnesses' observations of the Indiana National Bank's surveillance photographs, he should have been allowed to present evidence of possibly mistaken identity. The district court, after conducting a hearing outside the presence of the jury, ruled that the proffered testimony was inadmissible because it was irrelevant, unreliable and not probative of the issues in the case.

Our review of Bouye's claim involves two federal rules of evidence. Federal Rule of Evidence 401 provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Federal Rule of Evidence 403 provides that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or

needless presentation of cumulative evidence.

■■■ It is important to note the deference which we have for evidentiary decisions of a trial court. It is beyond doubt that a judge's control over trial proceedings is substantial. As this Court has observed, a judge acts not as a mere moderator, but as the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982). In assessing the materiality and relevancy of evidence, a trial court has been accorded broad discretion. *United States v. Micklus*, 581 F.2d 612, 617 (7th Cir. 1978). This Court will not substitute its opinion for that of the trial judge merely because we may be inclined to rule differently on the question of relevancy. *United States v. Lampson*, 627 F.2d 62, 66 (7th Cir. 1980). A ruling on evidentiary matters will be reversed only on a clear showing of abuse of discretion.

■ The first reason given by the district court for precluding the proffered testimony was that the testimony was irrelevant in that all it tended to prove was that Bouye could not have been the person who robbed the other bank. The proffered evidence was, in the words of the district court, merely "evidence that some other witness is a confused person" or that another bank robber resembled Bouye. In the opinion of the district court, and we find no abuse of discretion in this belief, the proffered testimony did nothing to answer the question of whether Bouye was the person who robbed the Indiana National Bank on April 21, 1981.

The district court also opined that the proffered testimony was unreliable. The court reached this conclusion after conducting an evidentiary hearing outside of the presence of the jury in which the two potential witnesses testified. These witnesses were uncertain as to the exact description of the man they saw commit the February bank robbery, and the description which they were able to provide did not accurately match that of Bouye. In light of the discrepancies in description, the district court concluded that their testimony was unreliable. This finding does not constitute an abuse of discretion.

Lastly, the district court stated that admission of the proffered testimony would "be a waste of time" because the government would then be entitled to "outdo" the defense testimony by calling numerous witnesses of the February bank robbery who would testify that the man in the bank surveillance photographs in this case was *not* the man they saw rob their bank. The court correctly found that such testimony as to the other bank robbery would not be probative.

In total, the reasons given by the district judge for not allowing the defendant's witnesses as to the other bank robbery to testify were sound ones. We cannot describe his ruling as an abuse of discretion.

## IV.

Accordingly, for the reasons discussed in this opinion, the judgment of the district court is Affirmed.