UNITED STATES of America, Plaintiff,

v.

Richard A. HEIDECKE, Jr., Defendant.

No. 87 CR 950.

United States District Court,
N.D. Illinois, E.D.

April 14, 1988.

Thomas M. Durkin, Jacqueline Stern. U.S. Atty.'s Office, Chicago, Ill., for plaintiff.

Aldo Botti, John R. Wimmer, Botti, Marinaccio & DeSalvo, Ltd., Oak Brook, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

In this criminal action, defendant Richard A. Heidecke, Jr. ("Heidecke") filed various pretrial motions. The Government filed a consolidated response to these motions. Heidecke filed a reply to some, but not all, of these motions.[1] For the reasons stated in this opinion, we deny these pretrial motions.

### Motion to Dismiss—Duplicity

The single count indictment in this case charges Heidecke with attempted extortion in violation of the Hobbs Act. 18 U.S.C. § 1951. The indictment details two instances in which Heidecke attempted to commit extortion. The indictment charges that Heidecke, in the first instance, "did wrongfully attempt to obtain approximately $1500.00 ... from Ronald Seick." Additionally, the indictment charges that Heidecke, in the second instance, "did wrongfully obtain approximately $600 from Ronald Seick." Heidecke filed a motion to dismiss the indictment, or in the alternative, to require the Government to elect between the charges of attempted extortion and extortion.

In its response, the Government urges this Court to deny Heidecke's motion because the indictment charges only the offense of attempted extortion. In support of this position, the Government directs this Court's attention to Fed.R.Crim.P. 7(c)(1). In relevant part, rule 7(c)(1) provides that an indictment may charge "in a single count ... that [the defendant] committed the offense by one or more specified means." Fed.R.Crim.P. 7(c)(1). This provision was "intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Fed.R. Crim.P. 7(c)(1) advisory committee notes. The issue before this Court is whether the indictment properly charges a single offense.

In section 1951(a) of the Hobbs Act, 18 U.S.C. § 1951(a),[2] Congress makes punishable four distinct crimes so long as the crimes, by threat or violence or under color of official right, interfere with commerce. The crimes are robbery, extortion, attempted robbery or extortion and conspiracy to commit robbery or extortion. *See United States v. Lewis*, 797 F.2d 358, 366–67 (7th Cir.1986), *cert. denied* —— U.S. ——, 107 S.Ct. 1308, 94 L.Ed.2d 162 (1987); *United States v. Rindone*, 631 F.2d 491, 493 (7th Cir.1980); *United States v. Starks*, 515

---

1. Heidecke only filed a reply to the Government's response to defendant's demand for a bill of particulars and to defendant's motion for discovery of evidence relating to the specific investigation of the defendant.

2. In relevant part, the Hobbs Act, 18 U.S.C. § 1951, provides:

"(a) [W]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do ... shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.
(b) As used in this section—

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction."

F.2d 112, 116 (3d Cir.1975). Heidecke argues that the indictment is duplicitous because the two means charged as attempted extortion could be charged separately as extortion and attempted extortion under the Hobbs Act.

An indictment is subject to challenge on the ground of duplicity where two or more distinct and separate offenses are joined in a single count. The Government argues that it has properly charged the two means in a single count because the means constitute a continuing course of conduct. Where the underlying acts could constitute a continuing course of conduct, the "distinct and separate" test must be applied with a view towards serving the purposes of the prohibition against duplicity. *See United States v. Pavloski,* 574 F.2d 933, 936 (7th Cir.1978).

Courts identify four purposes served by the ban against duplicitous indictments. First, nonduplicitous indictments provide defendants with adequate notice of the nature of the charges against them so that they may prepare their defense to such charges. Second, nonduplicitous indictments reduce the risk that defendants will be subjected to prejudicial evidentiary rulings. Third, nonduplicitous indictments tend to produce trial records which allow defendants to plea prior convictions or acquittals as a bar to subsequent prosecutions for the same conduct. Fourth, nonduplicitous indictments do not present the risk that the jury may convict defendants by a less than unanimous vote. *See United States v. Kimberlin,* 781 F.2d 1247, 1250 (7th Cir.1985), *cert. denied* — U.S. —, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986). Applying the "distinct and separate" test with a view towards serving these purposes, we find that the indictment in this case is not duplicitous.

First, the indictment adequately notifies Heidecke of the charge against which he must defend. Specifically, the indictment in this case sets forth a distinct period within which Heidecke allegedly committed the two acts charged as attempted extortion. Second, Heidecke does not allege that he would be subject to prejudicial evi-

dentiary rulings because of the current indictment. Third, the indictment specifically describes the conduct of the defendant which is the subject of the federal prosecution. The indictment provides Heidecke with adequate protection against further prosecutions for the same charge. Finally, this Court, through its instruction of the jury, will ensure that Heidecke will receive a unanimous verdict on the charge. *Id.,* 781 F.2d at 1250-51.

Because we find that the indictment is not duplicitous, we deny Heidecke's motion to dismiss.

*Demand for a Bill of Particulars*

■ Pursuant to Fed.R.Crim.P. 7(f), Heidecke has requested a bill of particulars because the indictment "fails to adequately inform [him of] the charges against him." We have previously stated that the indictment adequately informs Heidecke of the charge he faces. Heidecke will be able to prepare for trial. If we were to grant his motion, which seeks very detailed information regarding the date, time and place of the acts of attempted extortion and their effect on commerce, the Government would essentially be required to prove its case ahead of trial. This result is unauthorized by the law. *See United States v. Kendall,* 665 F.2d 126, 134-35 (7th Cir.1981), *cert. denied* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982).

Accordingly, we deny Heidecke's demand for a bill of particulars.

*First Demand for Jencks Act Materials*

■ In his first demand for Jencks Act materials, Heidecke requests that the Government produce two groups of documents. First, Heidecke requests any and all statements and reports of all prospective government witnesses. Second, Heidecke requests all reports and notes of various federal and state agencies, including all documents which reflect pretrial interviews with prospective government witnesses. The Government has agreed to produce all statements of witnesses *in their possession* irrespective of their source in accordance with this Court's

standing pretrial order. The Government cannot be compelled to produce statements in the possession of another sovereign. *See* 18 U.S.C. § 3500(b).[3]

Based on the Government's representation that it will comply with its obligations under the Jencks Act, 18 U.S.C. § 3500, we deny Heidecke's first demand for production.

### Request that Government Serve Notice of its Intent to Offer Evidence

■ Pursuant to Fed.R.Crim.P. 12(d)(2), Heidecke requests that the Government serve him with notice of its intent to introduce evidence which could be the subject of a motion to suppress under Fed.R.Crim.P. 12(b)(3). In response, the Government states that it does not intend to introduce either Heidecke's testimony during the state court proceedings or any post-arrest statements made to Assistant DuPage County State's Attorneys.

Based on the Government's compliance, Heidecke's request is denied as moot.

### First Demand for Discovery and Inspection

■ Pursuant to Fed.R.Crim.P. 16(a), Heidecke demands to discover and inspect a variety of items.[4] With the exception of one item, the Government represented that it had or would comply with its obligations under Fed.R.Crim.P. 16, the Jencks Act, 18 U.S.C. § 3500, and its disclosure obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104

(1972). The Government correctly indicates that, absent appropriate circumstances, Heidecke is not entitled to a list of the government witnesses. *See United States v. Bouye,* 688 F.2d 471, 473–74 (7th Cir. 1982). This case does not present circumstances which warrant such disclosure. *Cf. United States v. Jackson,* 508 F.2d 1001, 1005–07 (7th Cir.1975). (The district court did not abuse its discretion when it ordered the Government to disclose its list of witnesses where the Government planned to call about 100 witnesses at trial.).

For these reasons, we deny Heidecke's first demand for discovery and inspection.

### Motion for Discovery of Evidence Relating to the Specific Investigation of the Defendant

■ In this motion, Heidecke seeks broad discovery of documents, reports, transcripts and lists of persons who participated in this investigation and of all files reviewed by the investigators. Heidecke argues that he is entitled to discovery of these materials because they are exculpatory evidence subject to disclosure under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because the investigation "revealed that [Heidecke] had not committed any other or similar crimes prior to or after the alleged instant offense." The Government correctly points out that a defendant cannot establish his innocence of a crime by showing that he did not commit similar crimes on other occasions. *See United States v. Winograd,* 656 F.2d 279, 284 (7th Cir.1981), *cert. denied* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed. 2d 848 (1982). We perceive no prejudice

---

**3.** The Government contends that it is not obligated to produce an agent's interview notes unless such notes are "reviewed and adopted or approved by the witness." The language of the Jencks Act, 18 U.S.C. § 3500(e)(1), does not require a witness to review interview notes taken by an agent. Rather, to fall within the Jencks Act, the statement must be "signed or otherwise adopted or approved" by the witness. We remind the Government that there are many ways to adopt or approve a written statement. A government agent's interview notes are not automatically without the ambit of the Jenck's Act, 18 U.S.C. § 3500.

**4.** In his motion, Heidecke requested to discover and inspect all of his written and recorded statements, all of his oral, post-arrest statements, his grand jury testimony, his prior record, books, papers and documents seized from him, the contents of wire taps, Fed.R.Evid. 404(b) and 608(b) evidence, scientific tests, reports and examinations, the statements of unindicted co-conspirators, Heidecke's statements to third persons who are and who are not government witnesses, the names and addresses of all prospective witnesses and all exculpatory material and investigative reports concerning Heidecke's tenure as a hearing officer for the Illinois Secretary of State.

which would result to Heidecke regarding any defense based on entrapment because these materials were not produced. If Heidecke's employment record with the Illinois Secretary of State is unblemished, such a record should speak for itself regarding the issue of lack of predisposition.

Accordingly, we deny Heidecke's motion for discovery of evidence relating to the specific investigation of him.

### Motion for Disclosure of Impeaching Information

In this motion, Heidecke seeks a variety of items. The Government has represented that, pursuant to Fed.R.Crim.P. 16(a)(1), the Jencks Act, 18 U.S.C. § 3500, and its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), it has or will disclose many of the items requested by the defendant.[5] The Government is not required to disclose a list of potential witnesses who will *not* be called to testify. *See United States v. Cole,* 453 F.2d 902, 905 (8th Cir.1972), *cert. denied* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed. 2d 122 (1972). To the extent that this request included *Brady* material, the Government has disclosed this material. Finally, pursuant to Fed.R.Crim.P. 16, the Government has disclosed all statements made by Heidecke to individuals known by Heidecke to be government agents when Heidecke made the statements. Statements made by Heidecke to informants or government agents which are covered by the Jencks Act, 18 U.S.C. § 3500, will be produced in accordance with this Court's standing pretrial order.

Accordingly, we deny Heidecke's motion for disclosure of impeaching information.

### Motion for Impeaching Information Relating to Ronald Seick

In this motion, Heidecke seeks disclosure of all promises of consideration regarding traffic offenses and all records or information revealing prior convictions with respect to Ronald Seick. The Government has represented that it has or will produce all information in its possession which is subject to disclosure under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500.

Based on this representation, we deny Heidecke's motion for impeaching information relating to Ronald Seick.

### CONCLUSION

For the reasons stated in this opinion, we deny defendant's pretrial motions to dismiss, demanding a bill of particulars, demanding Jencks Act materials, requesting notice of any intent to offer evidence which could be the subject of a motion to suppress, demanding discovery and inspection pursuant to Fed.R.Crim.P. 16(a), requesting discovery of evidence relating to the specific investigation of the defendant, requesting disclosure of impeaching information and requesting disclosure of impeaching information relating to Ronald Seick.

IT IS SO ORDERED.

---

**5.** Specifically, the Government has or will disclose the criminal records of government witnesses, bad acts evidence relating to the government's witnesses, all promises of consideration or threats of prosecution relating to government witnesses, relevant information contained in the personnel or government files relating to government witnesses, the entire transcript of testimony of any witness or co-conspirator who appeared before the grand jury, and all other *Brady* and *Giglio* material relating to government witnesses.