The UNITED STATES of America,
Plaintiff–Appellee,

v.

Barney GLASS, Defendant–Appellant.

No. 87–2358.

United States Court of Appeals,
Seventh Circuit.

Argued April 4, 1988.

Decided May 3, 1988.

Steve Lustine, Levinson & Lustine, Merrillville, Ind., for defendant-appellant.

Michael A. Thill, Gwenn R. Rinkenberger, Asst. U.S. Attys., Hammond, Ind., for plaintiff-appellee.

Before BAUER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.

BAUER, Chief Judge.

Defendant-appellant Barney Glass appeals from his conviction for conspiring to buy, sell, exchange, transfer, receive, or deliver counterfeit United States Federal Reserve Notes, 18 U.S.C. §§ 371, 473, and for selling, exchanging, or transferring counterfeit United States Notes, 18 U.S.C. § 473. He argues that the trial court erred in refusing to define "reasonable doubt" for the jury after the jury requested such a definition. We affirm.

After the close of the evidence at Glass's trial, the district court advised Glass's counsel during the instruction conference that it would not give an instruction defining "reasonable doubt." Glass's counsel then asked the court how much latitude the court would give him in discussing "reasonable doubt" during his summation. The court answered, "You can talk about it. You can tell [the jury] what you think— your understanding of what reasonable doubt is." Glass's counsel did just that. During his summation, he defined "reasonable doubt" as "that level of doubt which would cause you to act or not act in a matter of the highest importance and concern to yourself." The jury, however, found this definition too vague. During its

deliberations, it asked the court to give it "a precise definition of 'a reasonable doubt.'" Glass's counsel at that time suggested that the court give the same definition he gave during his summation. The government objected to this suggestion, however, and the court sustained, refusing to define "reasonable doubt." The jury returned a guilty verdict.

This case illustrates all too well that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954). And that is precisely why this circuit's criminal jury instructions forbid them. *See* Federal Criminal Instructions of the Seventh Circuit 2.07 (1980). "Reasonable doubt" must speak for itself. Jurors know what is "reasonable" and are quite familiar with the meaning of "doubt." Judges' and lawyers' attempts to inject other amorphous catch-phrases into the "reasonable doubt" standard, such as "matter of the highest importance," only muddy the water. This jury attested to that. It is, therefore, inappropriate for judges to give an instruction defining "reasonable doubt," and it is equally inappropriate for trial counsel to provide their own definition. *See, e.g., United States v. Dominguez*, 835 F.2d 694, 701 (7th Cir.1987). Trial counsel may argue that the government has the burden of proving the defendant's guilt "beyond a reasonable doubt," but *they may not attempt to define "reasonable doubt."*

Thus, the court below should not have allowed Glass's counsel to explain to the jury his understanding of "reasonable doubt." And Glass's counsel, who created this whole problem, should not have defined it. Glass nonetheless argues on appeal that the court's refusal to give a "reasonable doubt" definition—the same one his counsel used in summation—warrants reversal. We disagree. If anything, Glass benefited by being able to give his own definition of reasonable doubt to the jury while the government refrained, and rightly so, from giving its own definition. Moreover, Glass's definition is the one that confused the jury in the first place, and we fail to see why the court should have given it again. In short, the only correct ruling on this issue below was the court's refusal to provide a definition of "reasonable doubt" at the jury's request.

Defendant-appellant's conviction is

AFFIRMED.