46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian D. GROCE, Defendant-Appellant.
 No. 94-1380.
 United States Court of Appeals, Seventh Circuit.
 Argued: Dec. 7, 1994.
Decided: Jan. 17, 1995.
 
 Before REAVLEY,* FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Brian D. Groce was convicted of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He appeals his conviction, and we affirm.
 
 BACKGROUND
 
 2
 The evidence at Groce's trial showed that Groce purchased large quantities of marijuana in several transactions with Rhodes, who purchased the marijuana from a supplier named Barber. Groce would then resell the marijuana. In April, 1993, Rhodes purchased twenty pounds of marijuana from Barber. He sold ten pounds of that marijuana to Groce. Groce sold the ten pounds and then began looking for additional buyers, so that he could purchase the remaining marijuana. He purchased four more pounds, but the last six pounds remained with Rhodes. Rhodes was finally arrested with over five pounds of the marijuana. Rhodes informed law enforcement agents that he had been selling marijuana to Groce. On July 14, 1993, Groce was charged with two counts of conspiracy to possess with intent to distribute marijuana. At trial, Rhodes testified against Groce. A jury found Groce guilty of Count II of the indictment. Count I was dismissed.
 
 A. Definition of Reasonable Doubt
 
 3
 Seventh Circuit law holds that a definition of reasonable doubt should not be given in the jury charge and that attorneys should not be allowed to include definitions of reasonable doubt in their arguments. United States v. Glass, 846 F.2d 386, 387 (7th Cir. 1988). This rule is based on the idea that definitions of reasonable doubt confuse the jury more than a simple dictate that they must find guilt beyond a reasonable doubt. Id. Groce's counsel urges us to reconsider the rule against defining reasonable doubt, but we decline to do so.
 
 
 4
 The district court therefore correctly instructed the attorneys not to define reasonable doubt in their closing arguments. Groce's attorney's proposed jury instructions on reasonable doubt and some of his comments on reasonable doubt in closing argument attempted to explain the meaning of reasonable doubt. The district court did not err in rejecting the instructions and in sustaining an objection to the comments made in closing argument.
 
 B. Addict-Informant Instruction
 
 5
 Groce requested and was denied an instruction warning the jury about Rhodes' possible lack of credibility because of his status as an informant and a gambling addict. There exists caselaw requiring that an addict-informant instruction be given under certain circumstances. See, e.g., United States v. Manganellis, 864 F.2d 528, 543-44 (7th Cir. 1988); United States v. Shigemura, 682 F.2d 699, 702 (8th Cir. 1982), cert. denied, 459 U.S. 1111 (1983). However, the cases requiring such an instruction all involve situations in which narcotics addicts turn informers. See id. A gambling addiction does not create the same incentive for lying that a drug addiction does. The trial court did not err in refusing to give the instruction.
 
 C. Brady Material
 
 6
 Groce argues that he should have received notes taken in a meeting between a special agent and Rhodes approximately one month before Groce's trial. We have reviewed the notes and have concluded that the district court did not abuse its discretion in deciding, after an in camera review, that the notes contained no Brady material and were not required to be presented to Groce. See United States v. Kozinski, 16 F.3d 795, 818 (7th Cir. 1994).
 
 
 7
 A Brady violation exists where the government suppresses material exculpatory evidence. Brady v. Maryland, 83 S.Ct. 1194, 1196-97 (1963). Evidence is material for Brady purposes only if there exists a reasonable probability that it would have changed the outcome at trial. Kozinski, 16 F.3d at 818. Groce claims that the notes of the Rhodes interview are exculpatory. Brady evidence, because they impeach Rhodes' trial testimony. Impeachment evidence may sometimes give rise to a Brady violation. Id. at 819.
 
 
 8
 However, the notes at issue in this case are rough jottings made during the interview with Rhodes. They are not sufficiently clear or detailed to impeach Rhodes' trial testimony. Reviewing what can be gleaned from the notes, it appears that some of the sequences of events and dates given by Rhodes in the interview are different than those Rhodes gave at trial. However, the story which Rhodes told the agent is not sufficiently different from the story he told at trial to create material impeachment evidence. In any case, Groce's attorney possessed evidence to impeach Rhodes' recitation of times and events, at the time of trial, in the form of hotel and phone records. Any impeachment material in the Rhodes interview notes would have been duplicative of impeachment evidence already available and could not have changed the outcome of the trial. Rhodes' story of the drug transactions was also partially impeached at trial by the testimony of Officer Lane. Evidence which impeaches an already impeached witness is cumulative and its suppression does not give rise to a Brady violation. Id. at 819.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation